The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Kim Cramer. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
*******************
STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers' Compensation Act.
2. Plaintiff was an employee of Randa, International, Inc.
3. There was no insurance carrier for Randa International, Inc. (at the time of Plaintiff's alleged injury by accident).
4. The parties submitted a Form 22, from which Plaintiff's average weekly wage can be calculated.
*******************
Based upon the competent evidence of record, the undersigned makes the following additional
FINDINGS OF FACT
1. Plaintiff is a male who was born on January 7, 1964. He began working for Defendant on or about March 1, 1995.
2. Based upon the Form 22, Plaintiff had an average weekly wage of $277.47.
3. On or about May 12, 1995, Plaintiff sustained an injury by accident in the form of a specific traumatic incident, while he was working for Defendant. As Plaintiff was helping unload an entertainment center, he felt a pop in his back, followed by pain.
4. On May 13, 1995, Plaintiff went to the emergency room at Caldwell Memorial Hospital with complaints of low back pain radiating into his right leg.
5. Prior to May 12, 1995, Plaintiff had no significant back problems. Following his accident of May 12, 1995, Plaintiff continued to have back pain radiating into his legs.
6. After May 12, 1995, Plaintiff made one more delivery trip for Defendant, from May 19 to 22, 1995.
7. Plaintiff came under the care of Dr. David L. Kelly, Jr., a neurosurgeon, whom he first saw on June 9, 1995. An MRI showed a large herniated disk at L5-S1. On June 10, 1995, Dr. Kelly performed a lumbar laminectomy.
8. On or about May 12, 1995, Plaintiff sustained an injury by accident arising out of and in the course of his employment with Defendant. As a result of the injury by accident, Plaintiff sustained a ruptured disk at L5-S1, which required surgical intervention.
9. Around the first of June, 1995, and prior to his scheduled surgery, Plaintiff reported his accident to his supervisor, Mike Davis. The employer did not prepare a written report.
10. Although the Plaintiff did not report the accident to his employer immediately, he did report it within 30 days and prior to the surgical repair. Defendant had notice in a timely manner, and has not otherwise been prejudiced.
11. Following his surgery, Plaintiff was unable to work in his regular employment or any other employment until August 10, 1995. As of that date, Dr. Kelly released Plaintiff to return to work. Dr. Kelly is of the opinion, and the undersigned finds, that Plaintiff has a ten percent permanent impairment to his back as a result of his injury by accident. Plaintiff has a permanent lifting restriction of not more that 40 pounds.
12. After being released by Dr. Kelly, Plaintiff could not return to his employment with Defendant since lifting in excess of 40 pounds was require. Plaintiff left his employment with Defendant in August, 1995.
13. From the time of his surgery until he left his employment in August, 1995, Plaintiff received some pay from Defendant. He received a check for $161 per week and some prescriptions were paid by Defendant.
14. At the time of Plaintiff's injury by accident, Defendant, being subject to the North Carolina Workers' Compensation Act, was responsible for maintaining workers' compensation insurance coverage, and is responsible for any benefits determined to be due Plaintiff.
15. There was no evidence that Plaintiff continued to be incapable of returning to gainful employment after he left his employment with Defendant.
*******************
Based upon the forgoing stipulations and findings of fact, the undersigned enters the following
CONCLUSIONS OF LAW
1. On or about May 12, 1995, Plaintiff sustained an injury by accident in the manner of a specific traumatic incident arising out of and in the course of his employment with Defendant, causing injury to Plaintiff's back. N.C.G.S. § 97-2(6).
2. As a result of his injury by accident, Plaintiff has incurred medical expenses for treatment rendered which was reasonable necessary to effect a cure, give relief or lessen any period of disability, including the surgery performed by Dr. Kelly. N.C.G.S. §§ 97-2(19), 97-25.
3. Defendant, being subject to the North Carolina Workers' Compensation Act, is responsible for Plaintiff's medical expenses as set forth above, as well as any compensation to which Plaintiff may be entitled. Defendants are entitled to a credit toward any compensation due Plaintiff for amounts paid by Defendant to Plaintiff from June 9, 1995 through August, 1995. N.C.G.S. §§97-42, 97-93.
4. Plaintiff's average weekly wage of $277.47 yields a compensation rate of $184.99. N.C.G.S. § 97-2(5).
5. As a result of his injury by accident, Plaintiff was unable to earn wages in the same or any other employment and was temporarily totally disabled from June 9, 1995 through August 10, 1995, and is entitled to compensation at the rate of $184.99 per week during this period. N.C.G.S. § 97-29.
6. As a result of his injury by accident, Plaintiff has sustained a ten percent permanent impairment to his back, for which he is entitled to compensation at the rate of $184.99 per week for 30 weeks beginning August 10, 1995. N.C.G.S. §97-31(23).
*******************
Based upon the foregoing stipulations, findings of fact and conclusions of law the undersigned enters the following
AWARD
1. Defendant shall pay Plaintiff's medical expenses incurred as a result of his injury by accident, for treatment rendered which was reasonable necessary to effect a cure, give relief, or lessen any period of disability.
2. Defendant shall pay Plaintiff compensation at the rate of $184.99 per week from June 9, 1995 through August 10, 1995, as temporary total disability compensation. This amount, having accrued, it shall be paid in a lump sum, subject to a credit for amounts Defendant has paid Plaintiff during that period.
3. Defendant shall pay Plaintiff compensation at the rate of $184.99 per week for 30 weeks beginning August 10, 1995 for his ten percent permanent impairment of his back. This amount having accrued, it shall be paid in a lump sum.
4. A reasonable attorney's fee of twenty-five percent of the net compensation awarded and due Plaintiff under this Opinion and Award is approved for Plaintiff's counsel, to be deducted from the amount due Plaintiff and paid directly to his attorney.
5. Defendant shall pay the costs.
 S/ ______________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ______________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ______________________ MORGAN CHAPMAN DEPUTY COMMISSIONER